DANIEL G. BOGDEN
United States Attorney
PETER S. LEVITT
Assistant United States Attorney
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702)388-6336 / Fax: (702)388-6698

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|   ) | **2:05-CR-222-RCJ-LRL** |
| Plaintiff, ) | |
|   ) | ORDER **FOR A** |
| v. ) | **STAY PENDING RESOLUTION OF** |
|   ) | **SHELBY'S NINTH CIRCUIT APPEAL** |
| EDDIE SHELBY, ) | |
|   ) | |
| Defendant. ) | |
| _____) | |

### CERTIFICATION

COMES NOW the United States of America, and files this motion for a stay of defendant Eddie Shelby's motion for a sentence reduction under 18 U.S.C. § 3582 (filed under seal on December 15, 2011), until the Ninth Circuit resolves his appeal in United States Court of Appeals Docket Number ("CA Doc. No.") 08-10419.

It is hereby certified that the above-captioned motion is filed in a timely manner

DATED this 22nd day of December, 2011.

                                        Respectfully submitted,

                                        DANIEL G. BOGDEN
                                        United States Attorney
                                        /s/
                                        PETER S. LEVITT
                                        Assistant United States Attorney[1]

---

[1] Defendant reserves the right to file an opposition to this motion. Defense counsel advised the undersigned that his client did not agree to dismissing his appeal without prejudice to refile it after this Court had ruled on his pending motion.

# I.

# **BACKGROUND**

On May 7, 2007, this Court accepted the parties' binding plea memorandum under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and sentenced defendant to the stipulated terms of six (6) concurrent 148-month terms of imprisonment. Counts four, five, and six charged distribution of cocaine base, or crack.

On March 3, 2008, Amendment 706 to the Sentencing Guidelines became retroactively effective and had the effect of reducing by two levels the guidelines offense level for some crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706 (Amendment 706 added to list of amendments contained in U.S.S.G. § 1B1.10(c)).

On June 26, 2008, Shelby, through counsel, filed an amended motion for a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2) and the guidelines amendment. DC Doc. No. 85. The United States opposed Shelby's motion, arguing: (1) that Shelby was not eligible for a discretionary reduction; and (2) that even if Shelby was eligible, this Court should exercise its discretion *not* to afford a reduction. District Court Docket Number ("DC Doc. No.") 86.

On August 25, 2008, this Court found that Shelby's career offender status and his binding plea agreement rendered him ineligible for discretionary relief under Section 3582(c)(2) and the crack amendment. Excerpts of Record to Shelby's Opening Brief ("ER") 53-54 (this Court finds that Shelby qualifies for "career offender status, and [that] it puts him into a Category VI;" this Court further notes that Shelby faces "career offender guideline range of 262 months"); *see also* ER 127 (DC Doc. No. 72) (after PSR finds that Shelby qualifies as career offender under U.S.S.G. § 4B1.1, this Court adopts that factual finding: "It is hereby ordered that the guideline findings shall be consistent with the [PSR]."). Alternatively, this Court held that even if Shelby was eligible for discretionary relief, it would exercise its discretion *not* to grant relief. ER 30 (Court states: "[I]f I have discretion . . . I just simply cannot, in good conscience, exercise it because of this defendant's background and record."); *see also* ER 52-54 (Court notes "extensive" history of

criminal conduct at Shelby's initial sentencing).  This Court thus denied Shelby's 2008 motion for a discretionary sentence reduction.  DC Doc. No. 89 (minute order).

Shelby thereafter filed a notice of appeal and argued (among other things) that this Court erred in ruling him ineligible based on his career offender status and his binding plea agreement.  CA Doc. No. 5 at 6-7.  That appeal is now fully briefed, pending, and ripe for resolution in the Ninth Circuit.

On December 15, 2011, Shelby filed the instant motion under Section 3582(c)(2).  Like its failed predecessor, Shelby's motion argues that he is eligible for a discretionary reduction because (1) he was not a "career offender," and (2) his binding plea was "based on" a subsequently-reduced crack guideline.  *Id.* at 9 (citing *Freeman v. United States*), 12, 13.  Because, under Shelby's theories, there exist no legal impediments to discretionary relief, this Court (Shelby continues) should now grant such relief based on his good conduct in prison.  *Id.* at 14, 16.  Shelby thus asks this Court to afford him a 40-month sentence reduction -- from his bargained-for term of 148 months' imprisonment to a below-statutory mandatory minimum term of 108 months.  *Id.* at 17.

Shelby's currently projected release date is February 29, 2016.  *See* www.bop.gov.

## II.

### THIS COURT SHOULD STAY SHELBY'S MOTION PENDING THE NINTH CIRCUIT'S RESOLUTION OF THE SAME LEGAL ISSUES

The United States opposes the defendant's motion and urges this Court *not* to reduce defendant's term of imprisonment by *any* amount.  Shelby's latest motion raises the same legal arguments that he raised in his first motion and his pending appeal.  Shelby again asserts that neither his career offender status, nor his binding plea agreement, nor his methamphetamine counts preclude him from seeking discretionary relief.  *See* Def. Mot. at 9-10.  Shelby thus argues to this Court -- again -- that he is eligible to seek discretionary relief under Section 3582(c)(2).[2]

---

[2] Because intervening decisions undermined the Government's "methamphetamine"
(continued...)

3

Shelby's filing of a direct appeal divested this Court of jurisdiction to adjudicate his present motion. *See, e.g., Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (the filing of the notice of appeal was an event of "jurisdictional significance" that "divest[ed] the district court of its control over those aspects of the case involved in the appeal"). While expressly preserving this argument, however, the Government adds that even if Shelby's direct appeal did not divest this Court of jurisdiction, *see* Def. Mot. at 9 (nonbinding case suggests only that Section 3582(c)(2) proceedings "arguably" present exceptions to the divesting rule), this Court should still exercise its discretion to stay these proceedings pending appellate resolution.

The Ninth Circuit's resolution of Shelby's appeal will necessarily guide -- if not completely resolve -- his second motion for a discretionary reduction in this Court. If, for example, the Ninth Circuit rejects Shelby's repeated contention that he should not be treated as a career offender, then that rejection will compel the same result this Court reached in 2008 -- that *Shelby's* guideline range was not lowered by the crack amendments, and that he is thus ineligible for discretionary relief under Section 3582(c)(2) and Amendment 750. There is no need for a United States District Court *and* a United States Court of Appeal to simultaneously address similar -- if not identical -- legal issues.

The Ninth Circuit precedent broadly endorses a stay of proceedings under such circumstances:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it , pending resolution of independent proceedings which bear upon the case. This rule apples whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

---

[2](...continued)
argument, the Government withdrew that argument on appeal. CA Doc. No. 18, at 9 n.3; *see also United States v. Perez-Cruz*, 558 F.3d 50, 52 n.2 (1st Cir. 2009) (defendant is eligible to seek discretionary reduction where crack and other narcotics are "combined" to generate a single Base Offense Level under U.S.S.G. § 2D1.1). This Court's rulings on the career offender and binding plea issues remain correct under the controlling case law.

4

*Yong v. Immigration and Naturalization Services*, 208 F.3d 1116, 1119-20 (9th Cir. 2000) (quoting *Leyva v. Certified Grocers, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).  Here, the issues on appeal *are* "necessarily controlling" of Shelby's present motion.  This Court should thus stay these proceedings pending appellate resolution, and then determine -- consistent with the Ninth Circuit's ruling -- the most appropriate disposition of Shelby's latest claims for relief.

### III.
### CONCLUSION

This Court previously held that it lacked jurisdiction to reduce Shelby's sentence under Section 3582(c)(2).  Shelby appealed that ruling, and his appeal is pending in the Ninth Circuit.  Rather than letting the appellate court's adjudication guide his claims, however, Shelby has now filed a second, virtually-identical motion for a discretionary reduction, adding to its predecessor only: (1) his observation that the Supreme Court has since decided *Freeman*, which assists only the crack defendant whose binding plea "*expressly uses*" a subsequently-reduced guideline range; and (2) the commendable, yet legally-irrelevant fact that he has stayed out of trouble in prison.  Shelby's impatience should not force two federal courts -- a United States District Court and a Court of Appeals -- to address simultaneously the same legal arguments.  This Court should thus stay his pending motion.[3]

ORDER

IT IS HEREBY ORDERED that this case is STAYED pending a decision from the Ninth Circuit Court of Appeals in Docket Number 08-10419.

IT IS FURTHER ORDERED that Oral Argument RE:  [102] Sealed Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense is VACATED.

IT IS FURTHER ORDERED that a STATUS CONFERENCE is set for FRIDAY, JUNE 8, 2012 @ 09:00AM in Las Vegas Courtroom To Be Determined, before Chief Judge Robert C. Jones.  IT IS SO ORDERED.

Dated:  This 28th day of February, 2012.

_____
ROBERT C. JONES
Chief District Judge