**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:05-cr-00222-RCJ-LRL-1 |
| vs. | ) | |
| | ) | |
| EDDIE SHELBY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Defendant Eddie Shelby asks the Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons given herein, the Court denies the motions.

**I.     PROCEDURAL HISTORY**

On May 7, 2007, the Court adjudicated Shelby guilty on six counts of drug distribution pursuant to a Plea Agreement, (*see* Plea Mem., April 17, 2007, ECF No. 69), sentencing him to one-hundred forty-eighth (148) months imprisonment on each count, to run concurrently, to be followed by five (5) years of supervised release, (*see* J., May 7, 2007, ECF No. 75). Defendant and the United States agreed that the sentence should be for 148 months on each count, to run concurrently. (*See* Plea Mem. 2–3). Ward waived the right to appeal any aspect of the sentence and "reserve[d] no rights whatsoever with regard to this waiver." (*Id.*).

///

///

## II. LEGAL STANDARDS

Amendment 750, located in Volume III of Appendix C to the United States Sentencing Guidelines, states in relevant part:

> Part A re-promulgates without change the emergency, temporary revisions to the Drug Quantity Table in §2D1.1 and related revisions to Application Note 10 to account for the changes in the statutory penalties made in section 2 of the Act. Section 2 of the Act reduced the statutory penalties for offenses involving manufacturing or trafficking in crack cocaine by increasing the quantity thresholds required to trigger a mandatory minimum term of imprisonment. The quantity threshold required to trigger the 5-year mandatory minimum term of imprisonment was increased from 5 grams to 28 grams, and the quantity threshold required to trigger the 10-year mandatory minimum term of imprisonment was increased from 50 grams to 280 grams. *See* 21 U.S.C. §§ 841(b)(1)(A), (B), (C), 960(b)(1), (2), (3).

U.S.S.G. app. C, vol. III, at 393. Amendment 750 is retroactive and therefore can permit resentencing under 18 U.S.C. § 3582(c)(2). The Court of Appeals has ruled that broad waivers of appeal and collateral attack do not encompass motions under § 3582(c)(2), which are neither "appeals" nor "collateral." *See United States v. Lightfoot*, 626 F.3d 1092, 1094–95 (9th Cir. 2010). Motions under § 3582(c)(2) can be waived if the waiver specifically identifies that section. *See United States v. Malone*, 2012 WL 6760000, at *1 (9th Cir. Dec. 19, 2012).

## III. DISCUSSION

The Court finds that Defendant's waiver applies to his § 3582(c)(2) motion for retroactive application of Amendment 750. Although a broad waiver of all "appeals" and "collateral attack" does not apply to § 3582(c)(2) motions without more, because such motions are neither "appeals" nor "collateral," *Lightfoot*, 626 F.3d at 1094–95, here there is more, as Defendant has waived all "rights whatsoever." The language "whatsoever" is broader than the language of "all appeals or collateral attack" and encompasses other procedural rights, such as those under § 3582(c)(2).

Furthermore, the Ninth Circuit has already affirmed the Court's denial of Defendant's previous § 3582(c)(2) motion for retroactive application of Amendment 706, because Defendant's sentence was not based upon a sentencing range that was subsequently lowered, i.e., the Plea Agreement in this case bound the parties to a specific sentence or sentencing range under

Criminal Rule 11(c)(1)(C), not simply to a guidelines calculation or a factual basis to which the guidelines would then have to be independently applied. (*See* Mem. Op., July 27, 2012, ECF No. 114). The Court therefore denies Defendant's motions and grants the United States' motion to dismiss those motions.

Finally, Defendant asks the Court to terminate appellate proceedings as to his challenge under Amendment 706 due to his new challenge under Amendment 750. The Court denies this motion as moot. The Court of Appeals has affirmed dismissal of Defendant's Amendment 706 challenge and issued the mandate.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Correct Sentence (ECF Nos. 102, 115, 116) are DENIED.

IT IS FURTHER ORDERED that the Motion to Terminate Proceedings (ECF No. 118) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 123) is GRANTED.

IT IS SO ORDERED.

DATED: This 7th day of March 2013.

_____
ROBERT C. JONES
United States District Judge