# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>vs.<br><br>EDDIE SHELBY,<br><br>        Defendant. | Case No. 2:05-cr-00222-RCJ<br><br>**ORDER** |

Defendant moves for compassionate release based on his age, medical conditions, and risk of contracting COVID-19 while incarcerated. The Court finds that this basis is not extraordinary and compelling and that Defendant is a danger to the community. For these reasons, the Court denies this motion.

### FACTUAL BACKGROUND

Defendant pleaded guilty to six counts of distribution of a controlled substance in violation of 21 U.S.C. § 841. (ECF No. 69.) On May 7, 2007, this Court sentenced him to 148 months' imprisonment and five years of supervised release. (ECF No. 75.) Defendant was released on February 29, 2016 and began his term of supervised release. On May 30, 2019, the Government petitioned this Court to revoke Defendant's term of supervised release. (ECF No. 140.) On July 21, 2020, Defendant admitted to the following:

  On August 17, 2018, Shelby committed the offenses of Count One: Trafficking of Schedule I Controlled Substances, a Felony, in violation of NRS 453.3385; Count Two: Trafficking of Schedule I Controlled Substance, a Felony, in violation of NRS 453.3395; and Possession of Schedule I, II, III, or IV Controlled Substance, 1st/2nd, a Felony, in violation of NRS 453.336.4.

  On August 17, 2018, based upon confidential information, local area drug task force officers executed a search warrant of Shelby's residence and located the following items in his backyard: three plastic bags of cocaine with a total weight of approximately 52 grams, one plastic bag of methamphetamine with a total weight of approximately 28 grams, one plastic bag of marijuana with a total weight of approximately 39 grams; and a jar containing 250 grams of Hydrocodone Bitartrate pills. Shelby was placed under arrested and booked on the aforementioned charges. Clark County Justice Court Case: 18CRN002091.

  [O]n August 17, 2018, Shelby was in possession of cocaine, methamphetamine, marijuana, and Hydrocodone pills when contacted by police.

(ECF No. 197.) Because of these admissions, the Court revoked Defendant's supervised release and sentenced him to nineteen months of imprisonment with no term of supervised release to follow. (*Id.*) Defendant is currently set to be released on May 14, 2021. *Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on October 6, 2020).

  Prior to Defendant's underlying offense, Defendant had a substantial criminal history. According to the Presentence Report, Defendant had amassed eighteen separate felony and misdemeanor convictions and seventeen additional arrests. (Presentence Rep. ¶¶ 27–62.)

  After exhausting his administrative remedies with the Bureau of Prisons, Defendant is currently moving for compassionate release based on his age, medical conditions, and fear of contracting COVID-19. (ECF No. 200.) Defendant points to his following conditions: "Type 2 diabetes mellitus without complications," "Mild intermittent asthma, uncomplicated," and "Essential (primary) hypertension." (ECF No. 202 at 3 of 400.)

**LEGAL STANDARD**

  A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is that a court may reduce a term of

imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" based on "extraordinary and compelling reasons" if such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission" and the factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A). Either the Bureau of Prisons or a defendant may bring a motion under § 3582(c)(1)(A). A court, however, may not consider a motion brought by a defendant unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The applicable policy statement for motions under § 3582(c)(1)(A) is U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13 (U.S. Sentencing Comm'n 2018). This policy statement requires a court to find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(2). It also defines "extraordinary and compelling as reasons" as the following:

1. The defendant is suffering from a terminal illness . . . . [Or] [t]he defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
2. The defendant is at least 65 years old[,] is experiencing a serious deterioration in physical or mental health because of the aging process[,] and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
3. The death or incapacitation of the caregiver of the defendant's minor child or minor children[,] [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
4. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, [those described above].

§ 1B1.13 cmt. n.1(A)–(D).

## ANALYSIS

The Court denies Defendant's motion on two grounds. First, he has not proven that extraordinary and compelling reasons justify a reduction in his sentence as defined by the § 1B1.13 cmt. n.1. Second, he has not demonstrated that he would not be a danger to society if he was released.

Defendant argues that the policy statement § 1B1.13 is not binding because of the First Step Act's amendments to the § 3582(c)(1)(A). However, the Court rejects this argument because "[n]othing in the First Step Act nullifies, amends, or expressly contradicts the definition of 'extraordinary and compelling reasons' provided by U.S.S.G. § 1B1.13." *United States v. Strain*, No. 3:97-CR-00004-TMB, 2020 WL 1977114, at *4 (D. Alaska Apr. 24, 2020). And Defendant fails to satisfy any of the four bases of extraordinary and compelling reasons provided in § 1B1.13 cmt. n.1. First, Defendant has pointed to three medical conditions: asthma, hypertension, and diabetes. There is no indication in his medical records that any of these conditions are terminal or that they "substantially diminish[] the ability of [D]efendant to provide self-care within the environment of a correctional facility." § 1B1.13 cmt. n.1(A). Second, Defendant is not over sixty-five years old. Third, Defendant has not shown or argued that he is needed to care for a family member. Lastly, the Director of the Bureau of Prisons has not found "other reasons" in this case.

Defendant has not shown that if the Court were to reduce his sentence to time-served that he would not pose a danger to society, especially in light of his extensive criminal history. The Court is also not satisfied that this risk would be mitigated be imposing supervised release or home confinement because while Defendant was on supervised release for serious drug crimes, he again committed similar crimes.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (ECF No. 200) is DENIED.

IT IS SO ORDERED.

Dated October 8, 2020.

_____
ROBERT C. JONES
United States District Judge